DOUGHERTY v. SOUTHERN PAC. CO.

(Supreme Court, Appellate Term, First Department. February 14, 1913.)

PLEADING (§ 321*)—BILL OF PARTICULARS—GROUNDS.

    A plaintiff, suing for the balance due on a contract for furnishing to defendant men and guards during a strike, who shows that defendant's time sheets will show the names of the men and the number of hours worked, and that he cannot give the names of the men and the number of hours they worked without an inspection of the books and records of defendant and examination of its officers, will not be required to furnish a bill of particulars disclosing the names and addresses of the men and the number of hours they worked until after completion of an examination of the officers and an inspection of the books and time sheets, but must furnish such particulars after examination and inspection before trial.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 973; Dec. Dig. § 321.*]

Appeal from City Court of New York, Special Term.

Action by Harry V. Dougherty, doing business as Dougherty's Detective Agency against the Southern Pacific Company. From a portion of an order of the City Court of the City of New York requiring plaintiff to serve a verified bill of particulars, he appeals. Modified and affirmed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Richard S. Harvey, of New York City (Lewis Squires, of New York City, of counsel), for appellant.

Esselstyn & Haughwout, of New York City, for respondent.

GERARD, J. This action was brought to recover a balance of $4,040.67, alleged in the complaint to be due the plaintiff under a contract by which it is alleged that he was to furnish to the defendant men at $4 per day per man on its docks during a strike of its regular employés, and also such guards at the rate of $6 per day per guard as should be necessary to guard these men. Defendant moved for a bill of particulars, and among other things the court directed the plaintiff to furnish a bill of particulars containing the full name of each man so put to work and the exact number of hours each man is claimed to have worked each day.

I do not think that there is any justification for requiring plaintiff to specify the number of hours of work done by the men he furnished under the contract on which he sues. Plaintiff claims that he is unable to furnish the full name of each man, and that the defendant's own time sheets will show, not only the names of the men, but the

number of hours that they worked, and the plaintiff swears in his affidavit opposing the motion that he cannot give the information without an inspection of the books and records of the defendant and examination of its officers.

I think, therefore, that the order appealed from should be modified, by striking therefrom the requirement as to the exact number of hours during each day that the men furnished by plaintiff worked for the defendant, and that the plaintiff be not required to furnish the name and address of each of the men and each of the guards alleged to have been furnished by him to defendant until 10 days after the completion of an examination of the officers of defendant and an inspection and examination of defendant's books and time sheets, but that the plaintiff furnish such particulars after such examination and inspection before trial, and, as thus modified, affirmed, without· costs, but with disbursements to the appellant.    All concur.